FILED IN CHAMBERS
U.S.D.C. Rome

NOV 06 2006

JAMES N. ~~~~~~~, Clerk
By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

PHILLIP WEATHERS, as
Administrator of the Estate of
Waymon Raynell Weathers,
Deceased,

        Plaintiff,

     v.

JAMES L. LANIER, DALE HERNDON,
PAUL BALLINGER, SUE SALADANJA,
DR. BOBBY CROCKER, DR. TERRELL
TANNER, DR. TERENCE DUNN, JOAN
NEWELL, SANDRA GILBERT, LT.
GATES, and CORRECTIONS OFFICER
MCCALLISTER,

        Defendants.

CIVIL ACTION

NO. 4:05-CV-11-RLV

## O R D E R

This is an action arising from the death of Waymon Raynell Weathers while he was incarcerated by the state of Georgia. Pending before the court are Dr. Terrell Tanner's Motion to Dismiss Pursuant to Rule 4(m), Federal Rules of Civil Procedure [Doc. No. 76], and the plaintiff's Motion to Strike Defendant Tanner's Affirmative Defense of Insufficiency of Process, or in the Alternative Motion to Expand Time for Service of Process [Doc. Nos. 80 and 82].

As an initial matter, the court notes that Dr. Tanner's motion was originally based on Rule 4(m), which requires that a complaint and summons be served within 120 days after the complaint is filed. However, when it later became evident that he had, in fact, been served within 120 days, he later changed the focus of the motion to

Rule 4(d)(4), which provides, "When the plaintiff files a waiver of service with the court, the action shall proceed . . . as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required."

Dr. Tanner signed a waiver of summons on February 19, 2005, and, presumably, promptly returned it to counsel for the plaintiff. However, counsel for the plaintiff did not file this waiver until October 12, 2006, substantially more than 120 days after the complaint had been filed and after the statute of limitations had expired. After changing the focus of his motion from Rule 4(m) to Rule 4(d)(4), Dr. Tanner also requests that any dismissal be with prejudice, since the statute of limitations has run.

The gravamen of Dr. Tanner's argument is that Rule 4(d)(4) provides that when service of process is accomplished through obtaining a waiver, the action proceeds as if the complaint and summons had been served at the time of the filing of that waiver. This straightforward approach finds support in the following commentary accompanying the 1993 amendments to Rule 4:

> The provisions in former subdivision (c)(2)(C)(ii) of this rule may have been misleading to some parties. Some plaintiffs, not reading the rule carefully, supposed that receipt by the defendant of the mailed complaint had the effect of both establishing jurisdiction of the court over the defendant's person and of tolling the statute of limitations in actions in which service of the summons is required to toll the limitations period. The revised rule is clear that, if the waiver is not returned and filed, the limitations period under such a law is not tolled and the action will not otherwise proceed until formal service of process is effected.

Seizing upon the words "returned and filed," Dr. Tanner argues the plaintiff's delay in filing his waiver means that the action against him was not commenced before the statute of limitations ran.   Although the court acknowledges that such a reading is appealing in its simplicity, the court also believes that such appeal is lost after closer examination.

Although the drafters of the 1993 amendments may have thought that the rule was "clear," this court finds that the primary thing that is clear about the amended rule is its attempt to correct the situation where a plaintiff waited until the statute of limitations was about to expire and then sought to serve a defendant by mail. Apparently, in some cases, a plaintiff delayed formal service of the complaint and summons, waiting for the defendant to return his acknowledgement of service, and then found that his case was time barred when the acknowledgement was not returned before the statute of limitations had run.   Thus, the amendment made "clear" that plaintiff could not rely merely upon a defendant's receiving a copy of the complaint and summons; instead, the plaintiff had to make the additional effort to insure that the waiver was signed, returned, and filed.

The problem created by the former rule is solved once a defendant signs the waiver, and neither the plaintiff nor the defendant is prejudiced by a delay in filing that waiver.  Although the commentary speaks in terms of "signed and filed," the court

3

believes that the filing of that waiver is merely a ministerial act and that the failure to timely file that waiver does not operate to extinguish a cause of action.

The court finds support for this position in two places. First, Rule 4(*l*) provides, in relevant part, "Failure to make proof of service does not affect the validity of the service." Second, Rule 5(d) provides, in relevant part, "All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service." Thus, even an answer to a complaint does not need to be *filed* within the 20-day period provided in Rule 12(a)(1)(A) or the 60-day period in Rule 12(a)(1)(B). Instead the answer merely has to be *served* within that time period and then proof of service filed within a reasonable time thereafter. This "reasonableness" provision is further proof that the filing of a document (other than a complaint and a notice of appeal) is merely ministerial in nature.

For the foregoing reasons, Dr. Tanner's Motion to Dismiss [Doc. No. 76] is DENIED. The court GRANTS the plaintiff's motion to strike Dr. Tanner's affirmative defense of insufficiency of process to the extent that such defense is based on the plaintiff's failure to timely file the waiver of service executed by Dr. Tanner [Doc. Nos. 80]. The court makes no determination regarding any other basis for asserting the defense of insufficiency of service

of process.   The plaintiff's alternative motion to extend the time for serving Dr. Tanner [Doc. No. 82] is DISMISSED as moot.

SO ORDERED, this **6th** day of November, 2006.

_____
ROBERT L. VINING, JR.
Senior United States District Judge