FILED IN CHAMBERS
U.S.D.C. Rome

OCT 12 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

PHILLIP WEATHERS, as
Administrator of the Estate of
Waymon Raynell Weathers,
Deceased,

    Plaintiff,

v.

JAMES L. LANIER, DALE HERNDON,
PAUL BALLINGER, SUE SALADANJA,
DR. BOBBY CROCKER, DR. TERRELL
TANNER, DR. TERENCE DUNN, JOAN
NEWELL, SANDRA GILBERT, LT.
GATES, and CORRECTIONS OFFICER
MCCALLISTER,

    Defendants.

CIVIL ACTION

NO. 4:05-CV-11-RLV

O R D E R

This is an action under 42 U.S.C. § 1983, in which the plaintiff alleges that the defendants violated Waymon Raynell Weathers's rights by being deliberately indifferent to his serious medical needs in violation of the constitutional prohibition against cruel and unusual punishment.[1]  Although motions for summary judgment are also pending, this order will address the defendants' motions to strike the expert testimony of Dr. John Clark [Doc. Nos. 122, 124, and 125].

The Eighth Amendment's proscription of cruel and unusual punishment prohibits prison officials from doing acts that show

---

[1] By previous orders, the court dismissed the other claims alleged in the plaintiff's amended complaint.

"deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104. 97 S.Ct. 285, 291 (1976). Refining this point, the Supreme Court in Wilson v. Seitger, 501 U.S. 294, 300, 111 S.Ct. 2321, 2325 (1991), stated: "If the pain inflicted is not formally meted out *as punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify [as being deliberate indifference to serious medical needs]."

Thus, as discussed in *Wilson*, conditions of confinement violate the Eighth Amendment proscription against cruel and unusual punishment only if they (1) rise to the level of a serious deprivation and (2) result from the official's deliberate indifference. "*Wilson* and subsequent cases refer to these two required elements as an 'objective component' scrutinizing the alleged deprivation and a 'subjective component' examining the official's mental intent." Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999).

In Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994), the Supreme Court further refined its analysis of the subjective component requirement and rejected the petitioner's invitation to adopt an objective test for deliberate indifference:

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of

2

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . .  But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

511 U.S. at 837-38, 114 S.Ct. at 1979.

In moving to strike the testimony of Dr. Clark, the defendants argue that decisions of the Eleventh Circuit "hold that an expert witness may **not** testify that a defendant was deliberately indifferent." Brief in Support of Defendant Paul Ballinger's Motion to Strike Testimony of Plaintiff's Expert Witness, John Clark, M.D. at 2. However, this court does not read Eleventh Circuit so categorically.

In Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999), the Eleventh Circuit undertook an exhaustive analysis of Supreme Court and Eleventh Circuit law regarding expert testimony in cases alleging deliberate indifference to serious medical needs. After thoroughly discussing the relevant cases, the Eleventh Circuit concluded:

The issue of subjective mental intent under Farmer is different from whether Sikes's medical treatment was

3

> negligent or grossly inadequate. To decide the issue of subjective mental intent under Farmer, a jury would inquire (1) whether Sikes [a psychiatrist] was aware of facts about Plaintiff from which he could draw the inference that his present course of treatment presented a substantial risk of serious harm to Plaintiff and (2) whether he actually drew that inference but persisted in the course of treatment anyway.
>
> 169 F.3d at 1370.

Although the Eleventh Circuit came very, very close to absolutely excluding expert testimony on the subjective component, it stopped just short of that line:

> There is no direct or circumstantial evidence in this record from which the jury could infer Sikes's actual knowledge, and Plaintiff's experts' testimony does not provide the missing link under Farmer-at least under the facts and circumstances of this case. Indeed, allowing expert testimony that Sikes should or would have known to raise a jury issue as to whether he actually knew effectively would nullify Farmer's requirement of subjective mental intent. The deficiency of the expert testimony here arises not necessarily from the specific wording of the experts' testimony-although some of Plaintiff's affidavits are lacking in many respects--but from the inherent opinion nature of expert testimony about what a person should or would have known. The particular conflicting expert testimony here demonstrates only that there is a difference of opinion among professionals about what is accepted practice within the psychiatric community and what a doctor should or would know.
>
> 169 F.3d at 1370-71 (footnote omitted).

The Eleventh Circuit's reason for not absolutely excluding expert testimony is, perhaps, found in this observation: "Of course, rarely if ever will a defendant medical professional admit that he knew his course of treatment was grossly inadequate but proceeded with that treatment anyway. Therefore plaintiffs necessarily must

4

use circumstantial evidence to establish subjective mental intent." *Id.* at 1371-72.

This court reads *Campbell* to hold that expert testimony which concludes that a prison official "knew or should have known" that his treatment was grossly inadequate is not allowed. Thus, the court will not consider such line of testimony in ruling on the pending motions for summary judgment. However, the court will not strike the deposition of Dr. Clark in its entirety, since there may be portions of it which may be probative of other issues.[2] In ruling on the motions for summary judgment, the court, of course, will consider only those portions of Dr. Clark's deposition which meet the strictures of *Campbell*, as it has interpreted Supreme Court and Eleventh Circuit precedent. *See* Ward v. Hobart Mfg. Co., 450 F.2d 1176 (5th Cir. 1971) (judge is presumed to consider only legally admissible evidence); *see also* Chicago Title Insurance Co. v. IMG Exeter Associates Ltd. Partnership, 985 F.2d 553 (4th Cir. 1993); United States v. Foley, 871 F.2d 235 (1st Cir. 1989). If the motions for summary judgment are denied, the testimony of Dr. Clark could then be subject to motions in limine prior to trial.

---

[2] The defendants moved to strike the deposition in its entirety. Only later did they attempt to narrow the focus of the motion. The court will not consider an argument made for the first time in a reply brief.

For the foregoing reasons, the defendants' motions to strike the deposition testimony of Dr. John Clark [Doc. Nos. 122, 124, and 125] is DENIED.

SO ORDERED, this 12th day of October, 2007.

*Robert L. Vining, Jr.*
ROBERT L. VINING, JR.
Senior United States District Judge